```
                      UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILBERT THOMAS, JR.,              :    CIVIL NO. 1:07-CV-2250
                                  :
               Plaintiff          :    (Judge Conner)
       v.                         :
                                  :    (Magistrate Judge Smyser)
SECRETARY OF LABOR,               :
U.S. DEPARTMENT OF LABOR          :
AND EMPLOYMENT STANDARDS          :
ADMINISTRATION and                :
R. DAVID LOTZ,                    :
                                  :
               Defendants         :
```

## REPORT AND RECOMMENDATION

The plaintiff commenced this action by filing a complaint on December 12, 2007.  The plaintiff is proceeding *pro se.*

The allegations in the complaint are not clear.  However, from the allegations and the attachments to the complaint we construe the complaint as claiming that the defendants denied the plaintiff due process by refusing to reopen and reconsider his claim for benefits under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, et seq.

On April 16, 2008, the defendants filed a motion to dismiss the complaint and a brief in support of that motion.  On April 25, 2008, the plaintiff filed a brief in opposition to the motion to dismiss.  No reply brief has been filed.

The defendants contend that the court lacks subject-matter jurisdiction over the plaintiff's claim.

Pursuant to Fed.R.Civ.P. 12(b)(1), lack of subject-matter jurisdiction may be raised by a motion to dismiss. Challenges to subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be "facial" or "factual." *Turicentro, S.A. v. American Airlines, Inc.,* 303 F.3d 293, 300 n.4 (3d Cir. 2002). A facial attack contests the sufficiency of the pleadings. *Id.* In reviewing a facial attack, the court considers, in the light most favorable to the plaintiff, the allegations in the complaint and any documents referenced and attached to the complaint. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). In contrast to a facial attack, "in a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Id.* at 178. "The plaintiff has the burden of persuasion to convince the court it has jurisdiction." *Id.*

The defendants have presented numerous documents outside the pleadings in this case. Accordingly, we conclude that the defendants are making a factual challenge to the court's subject-matter jurisdiction.

The defendants have submitted a declaration from Edward Duncan, the deputy director for the Federal Employees' Compensation, Office of Workers' Compensation Programs (OWCP), United States Department of Labor. *Doc. 12, Exhibit 7.* Duncan

sets forth in detail the plaintiff's claims for benefits under FECA and the decisions on those claims.  The plaintiff has not disputed any of the facts set forth by Duncan in his declaration. Accordingly, we consider the following facts set forth by Duncan in his declaration to be undisputed.

On October 29, 1990, the plaintiff filed a claim with OWCP alleging that he injured his head, neck and back when he fell off a defective chair at work. *Doc. 12, Exhibit 7 at ¶2.*  OWCP accepted the plaintiff's claim for muscle strain of the neck and contusion of the head. *Id. at ¶3.*  The plaintiff was paid continuation of pay from November 1, 1990 through December 15, 1990 and compensation for temporary total disability from December 16, 1990 through April 30, 1991. *Id.*

On January 13, 1992, the plaintiff filed a claim for continuing compensation alleging that he was unable to work from May 31, 1991 through January 6, 1992 as a result of his employment injury. *Id. at ¶4.*  By an Order dated April 30, 1993, OWCP denied that claim on the ground that the evidence failed to support that the plaintiff's medical condition and resulting disability are related to the October 29, 1990 work injury. *Id. at ¶5* and *Doc. 12, Exhibit 7, Attachment D.*  The plaintiff requested a hearing before an OWCP hearing representative. *Doc. 12, Exhibit 7 at ¶6.* By a decision dated June 1, 1994 and after a hearing, the OWCP hearing representative denied the plaintiff's claim. *Id. at ¶7.* The plaintiff requested a second hearing, but OWCP denied that

request on the ground that the plaintiff did not submit any new evidence for consideration. *Id. at ¶¶8 & 9.*

By a letter dated November 2, 1994, the plaintiff petitioned for reconsideration of the OWCP decisions. *Id. at ¶10.* By an Order dated January 23, 1995, an OWCP claims examiner denied the plaintiff's request for reconsideration on the grounds that the plaintiff neither submitted new evidence nor raised new legal questions. *Id. at ¶11.*

The plaintiff appealed OWCP's order to the Employees' Compensation Appeals Board (ECAB). *Id. at ¶12.*  By an Order dated May 9, 1997, ECAB affirmed the OWCP's orders. Id.

On June 4, 1997, the plaintiff filed a petition requesting reconsideration of ECAB's decision. *Id. at ¶13.* By an Order dated November 17, 1997, ECAB denied the plaintiff's petition for reconsideration. *Id. at ¶14.*

By a letter dated August 7, 1998 to the plaintiff from a OWCP claims examiner, the plaintiff was informed that he had 30 days to submit medical evidence in support of his claim for FECA benefits and that OWCP would issue a merit decision at the end of that time.[1] *Id. at ¶15.*  *Doc. 12, Exhibit 7, Attachment N.*  On September 14, 1998, OWCP issued a merit decision rejecting the

---

[1] It appears that this letter was in response to correspondence from the plaintiff indicating that he has new evidence. *Doc. 12, Exhibit 7, Attachment D*

plaintiff's claim for additional benefits. *Doc. 12, Exhibit 7 at ¶16.* OWCP subsequently issued an order on April 8, 1999 stating that it reviewed the additional evidence submitted by the plaintiff and determined that the plaintiff failed to submit any evidence which would establish that his current condition and resulting disability were causally related to the October 29, 1990 work injury. *Id. at ¶17.*

By letters dated November 10, 1999 and March 21, 2000, the plaintiff petitioned for reconsideration and included additional medical evidence. *Id. at ¶18.* In an order dated June 21, 2000, OWCP determined that the evidence was insufficient to warrant modification of its prior decisions. *Id. at ¶19.* The plaintiff petitioned for reconsideration of that decision, and by an Order dated August 22, 2001, OWCP denied merit review of the plaintiff's claim on the basis that the plaintiff had not raised substantive legal questions nor included new and relevant evidence. *Id. at ¶¶20 & 21.*

By a letter dated February 14, 2003, the plaintiff again petitioned for reconsideration and enclosed additional evidence. *Id. at ¶22.* On May 23, 2008, OWCP determined that the plaintiff's request was not timely filed and that it failed to present clear evidence of error. *Id. at ¶23.* On July 30, 2003, the plaintiff appealed the May 23, 2003 decision to ECAB. *Id. at ¶26.* ECAB remanded the case to the district office, and on April 14, 2004, by a merit decision the OWCP determined that the evidence was insufficient to warrant modification of its decision dated August

22, 2001. *Id. at ¶27 and Doc. 12, Exhibit 7, Attachment Y.* The plaintiff again appealed to ECAB, and on November 30, 2004, ECAB denied that appeal. *Doc. 12, Exhibit 7 at ¶¶28 & 29.* The plaintiff petitioned for reconsideration of ECAB's decision, and by an order dated March 29, 2005, ECAB denied that petition for reconsideration. *Id. at ¶¶30 & 31.*

By a letter dated March 1, 2007, the plaintiff requested that OWCP reopen his case. *Id. at ¶32.* By a letter dated March 19, 2007, OWCP advised the plaintiff that ECAB's March 29, 2005 decision is final and that his appellate rights have expired. *Id. at ¶33.* On March 29, 2007, the plaintiff wrote another letter to OWCP expressing his dissatisfaction with the March 29, 2005 ECAB decision. *Id. at ¶34.* By a letter dated July 25, 2007, the plaintiff was advised by OWCP that the March 29, 2005 ECAB decision is final and that no further action could be taken on his claim. *Id. at ¶35.* On August 14, 2007, the plaintiff wrote another letter to OWCP requesting that his case be reopened. *Id. at ¶36.* By a letter dated September 5, 2007, OWCP responded to the plaintiff by stating that his concerns had been addressed in the letter that was sent to him on July 25, 2007. *Id. at ¶37.* By a letter dated September 21, 2007, the plaintiff again requested that his case be reopened. *Id. at ¶38.* By a letter dated October 10, 2007, the plaintiff was advised that ECAB is the highest level of appeal under the FECA and that, since it denied his appeal, he is precluded from seeking further review. *Id. at ¶39.*

The plaintiff filed the complaint in this case on December 12, 2007. *Doc. 1.* As indicated above, we construe the complaint as claiming that the plaintiff was denied due process by the defendants' refusal to reopen and reconsider his claim for benefits under FECA. The plaintiff attached to his complaint and his due process claim is based on the requests he made in 2007 for reconsideration and the OWCP's 2007 letters indicating that he is precluded from seeking further review.

On April 10, 2008, OWCP issued a decision denying the plaintiff's requests for reconsideration on the grounds that the requests for reconsideration were not dated within the one year time limit and that they failed to establish clear evidence of error. *Doc. 12, Exhibit 7 at ¶40.*

"FECA provides a comprehensive remedy to a federal employee for injuries 'sustained while in the performance of his duty.'" *Heilman v. United States,* 731 F.2d 1104, 1109 (3d Cir. 1984)(quoting 5 U.S.C. § 8102). The Secretary of Labor "has the authority to administer and decide all questions under FECA, 5 U.S.C. § 8145, and may formulate rules and regulations necessary to administer the Act, 5 U.S.C. § 8149." *Markham v. United States,* 434 F.3d 1185, 1187 (9th Cir. 2006). The Secretary of Labor "is the ultimate arbiter of the amount, if any, of compensation" awarded under FECA. *Heilman*, *supra,* 731 F.2d at 1109. FECA contains a provision barring review of the Secretary's decision allowing or denying payment under FECA. 5 U.S.C. § 8128(b).

7

The defendants contend that the plaintiff's claim in this case is barred by the provision of FECA which bars review of the Secretary's decision allowing or denying payment under FECA. That provision provides:

> (b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter [5 USCS §§ 8101 et seq.] is -
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). "The clear language of the statute precludes jurisdiction over a challenge to the agency's factual determinations and even violations of clear statutory mandates." *Kerrigan v. Chou,* 151 Fed.Appx. 129, 131 (3d Cir. 2005). "Despite the statute's strong preclusive effect, a general consensus exists that jurisdiction is not precluded when a plaintiff alleges a "substantial" constitutional claim." *Id.*

The defendants argue that, although he makes passing mention of "due process" in his complaint, the plaintiff has not alleged a substantial constitutional claim.

"[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the court's statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998)(emphasis in original). Subject-matter jurisdiction is not defeated by the possibility that the averments of the

8

complaint might fail to state a cause of action on which the plaintiff could actually recover. *Id.* "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)).

We conclude that dismissal for lack of subject-matter jurisdiction is appropriate in this case. The plaintiff's claim that the defendants denied him due process by not yet again reconsidering his claim for benefits under FECA is so implausible or otherwise completely devoid of merit as not to involve a constitutional controversy given that the plaintiff has been presented with numerous opportunities to present evidence and be heard regarding his claim for benefits. It appears that although clothed as a constitutional claim the plaintiff's claim is really that the defendants erroneously denied him benefits and/or violated a statutory mandate in processing his claim. Pursuant to 5 U.S.C. § § 8128(b), the court does not have jurisdiction to adjudicate such claims.[2]

---

[2] We note that this is not the first case that the plaintiff has filed concerning benefits under FECA. The plaintiff filed three complaints in the United States District Court for the District of Maryland concerning his claim for benefits under FECA. By a Memorandum Opinion and Order dated March 5, 1998, Judge Black of the United Stated District Court of the District of Maryland granted a motion to dismiss the first case for lack of subject-
(continued...)

Based on the foregoing, it is recommended that the defendants' motion (doc. 11) to dismiss be granted and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: June 9, 2008.

---

²(...continued)
matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) based on 5 U.S.C. § 8128(b). *Doc. 12, Exhibit* 2.  By a Memorandum Opinion and Order dated October 28, 1999, Judge Black granted a motion to dismiss the second case for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) based on 5 U.S.C. § 8128(b). *Doc. 12, Exhibit 4.*  Although the plaintiff alleged in the second case that he had been denied due process, Judge Black found that the plaintiff had failed to state a colorable constitutional claim. *Id.*  Rather, Judge Black concluded that the plaintiff had simply cloaked his disagreement with the Secretary of Labor's decision in constitutional terms in an attempt to open the door to judicial review. *Id.*  By a Memorandum Opinion and Order dated May 23, 2001, Judge Black granted a motion to dismiss the third case for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) based on 5 U.S.C. § 8128(b). *Doc. 12, Exhibit 6.*