# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILBERT THOMAS, JR.**, | : | **CIVIL ACTION NO. 1:07-CV-2250** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **U.S. DEPARTMENT OF LABOR EMPLOYMENT STANDARDS ADMINISTRATION, SECRETARY OF LABOR, and R. DAVID LOTZ,** | : : : : : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 14th day of July 2008, upon consideration of the report of the magistrate judge (Doc. 15), to which objections were filed (Doc. 16), recommending that defendants' motion to dismiss (Doc. 11) be granted, and, following an independent review of the record, it appearing that the Federal Employees' Compensation Act ("FECA") bars judicial review of the administrative determination of a federal employee's request for injury compensation under the FECA, see 5 U.S.C. § 8128(b); see also Southwest Maritime, Inc. v. Gizoni, 502 U.S. 81, 90 (1991), but that a court may hear a claim alleging a "substantial, cognizable" deprivation of constitutional rights resulting from the FECA administrative process, Freeman v. Herman, No. 98-2649, 1998 WL 813426, at *5 (E.D. Pa. Nov. 24, 1999); see also Kerrigan v. Chou, 151 Fed. App'x 129, 131 (3d Cir. 2005) (citing Czerkies v. U.S. Dep't of Labor, 73 F.3d 1435, 1438-43 (7th Cir.1996)), and the court concluding that

plaintiff has failed to present a substantive constitutional question,[1] see Freeman, 1998 WL 813426, at *5 (citing Rodrigues v. Donovan, 768 F.2d 1344, 1348 (9th Cir. 1985) (stating that "a mere allegation of a constitutional violation would not be sufficient to avoid the effect of a statutory finality provision"), and that dismissal for lack of subject matter jurisdiction is proper in cases—such as the instant matter—in which the plaintiff's claims are "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 15) is ADOPTED.

2. Defendants' motion to dismiss (Doc. 11) is GRANTED.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[1] Plaintiff alleges that the administrative remedy process violated his due process rights. However, a thorough review of the complaint reveals that plaintiff has simply cloaked a claim for erroneous denial of benefits in constitutional garb. Such a claim fails to allege a substantive constitutional deprivation and is therefore precluded by the FECA. See 5 U.S.C. § 8128(b). Plaintiff has previously brought three cases similar to the instant matter before the United States District Court for the District of Maryland, all of which asserted due process claims arising from the denial of injury compensation benefits. The District of Maryland dismissed all three suits for lack of subject matter jurisdiction. (See Doc. 12, Ex. 2 at 8-9, Doc. 12, Ex. 4 at 8-10, Doc. 12, Ex. 6.)